■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SALAMONE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered September 10, 1975, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. Judgment affirmed. We have previously affirmed the judgment of conviction of appellant's codefendant (People v Miller, 54 AD2d 1140). There is no basis for a distinction in this case. Damiani, J. P., Titone, Shapiro and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES WHITTED, Appellant.—Defendant appeals from a judgment of the Supreme Court, Westchester County, rendered March 31, 1976, convicting him of kidnapping in the first degree, attempted escape in the first degree and possession of a weapon as a felony, upon a jury verdict, and imposing sentence. Judgment affirmed. The only issues raised by the defendant are whether: (1) the court erred in not striking the testimony of the People's expert witness as legally insufficient; and (2) his sanity was established beyond a reasonable doubt. With reference to the first issue raised by the defendant, the defense moved to strike the testimony of the People's expert witness in its entirety as being legally insufficient because the witness did not indicate that he was aware of the events that occurred or the acts performed by defendant on the day of the crime. The court properly denied the motion because under the CPLR it is no longer necessary that an expert witness set forth the basis for his opinion. The defense did not choose to cross-examine the expert witness. With reference to the defendant's second contention in this case, the jury chose to credit the testimony of the People's psychiatric expert and to disbelieve that of the defendant's psychiatrists. Its finding as to the credibility of the expert witnesses should not be disturbed. Damiani, J. P., Titone, Shapiro and Margett, JJ., concur.